Dear Executive Director Hughes
¶ 0 This office has received your request for an official Opinion addressing, in effect, the following question:
When otherwise admissible in civil or criminal proceedings,are reports and registrations received by the Ethics Commissionby facsimile transmission made inadmissible in evidence solelybecause they are facsimile transmissions?
¶ 1 Under Article XXIX of the Oklahoma Constitution, the people of Oklahoma created the Oklahoma Ethics Commission and vested the Commission with various powers, including the power to promulgate rules. Under its current rules, the Ethics Commission imposes a variety of reporting requirements to monitor campaigns for elective office, campaigns for initiatives and referenda, and the ethical conduct of state officers and employees. The filing of facsimile reports is permitted by Ethics Commission Rule 1-1-3, Subsection B:
 Except as otherwise provided by Sections 15 and 16 of Chapter 10 of this title, in order to be deemed timely filed, reports, registrations, statements or any other documents required to be filed with the Commission must be received by the Commission by hand, mail, facsimile transmission, telegram or express delivery service not later than 5:00 o'clock p.m. on the day specified for filing.
74 O.S.Supp. 1995, Ch. 62, App. 257:1-1-3(b) (emphasis added).
¶ 2 Rules 10-1-15 and 10-1-16 similarly provide for filing by facsimile transmission under different time requirements. The Ethics Commission treats these transmissions as original records, and no further mailing or delivery is required to meet the filing obligation of the Commission. 74 O.S.Supp. 1995, Ch. 62, App. 257:10-1-15, 10-1-16.
¶ 3 The admissibility of evidence in criminal and civil proceedings is controlled by the Oklahoma Evidence Code, 12 O.S.1991 and Supp. 1995, §§ 2101-3103. In dealing with writings as evidence, 12 O.S. 1991, § 3002[12-3002] provides:
 To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required except as otherwise provided in this Code or by other statutes.
¶ 4 As an exception to the requirement of the original document under Section 3002, Section 3003 provides that:
 A duplicate is admissible to the same extent as an original under this rule or as may otherwise be provided by statute unless:
 1. A question is raised as to the authenticity of the original; or
 2. In the circumstances it would be unfair to admit the duplicate in lieu of the original.
12 O.S. 1991, § 3003[12-3003].
¶ 5 A "duplicate" is defined as:
 [A] counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic rerecording, or by chemical reproduction, or by other equivalent technique including, but not limited to, storage and reproduction by means of an optical disk, or other forms of mass storage, electronic imaging, or electronic data processing, or a facsimile machine or similar device which reproduces documents transmitted over telephone lines, or similar devices or processes and which accurately reproduce the original.
12 O.S.Supp. 1995, § 3001[12-3001](4) (emphasis added).
¶ 6 A facsimile transmission is expressly included in the definition of a duplicate and is therefore admissible as a duplicate under 12 O.S. 1991, § 3003[12-3003].
 ¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 When otherwise admissible in civil or criminal proceedings,reports and registrations received by the Ethics Commission byfacsimile transmission are not made inadmissible in evidencesolely because they are facsimile transmissions. Facsimiletransmissions are admissible as duplicates under the OklahomaEvidence Code at 12 O.S. 1991, § 3003[12-3003] and 12 O.S.Supp.1995, § 3001(4).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KEVIN NELSON ASSISTANT ATTORNEY GENERAL